# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| OSCAR J. RESTREPO, JR., <br><br> Plaintiff, <br><br> v. <br><br> SYNERGETIC COMMUNICATION, INC., <br><br> Defendant. | CIVIL ACTION <br><br> COMPLAINT 4:20-cv-00079 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Oscar J. Restrepo, Jr. ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, Synergetic Communication, Inc., ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Bankruptcy Discharge Injunction pursuant to 11 U.S.C. §§524, and violations of the Texas Debt Collection Act ("TDCA").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law TDCA claim under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of Texas, Defendant conducts business in the Northern District of Texas, and a

1

substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Texas.

## PARTIES

5. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Northern District of Texas and is a "consumer" as defined by 15 U.S.C. §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a collection agency with its principal place of business located at 5450 Northwest Central, Suite 220, Houston, Texas 77092. Defendant is a debt collector engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Texas.

## BANKRUPTCY CASE

7. In December 2018, Plaintiff leased a car through Toyota Financial Services ("subject debt") for his personal use.

8. On August 22, 2019, due to immense financial hardship, Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Northern District of Texas, Case Number 19-43431 ("bankruptcy").

9. In Schedule E/F of his bankruptcy petition, Plaintiff listed Toyota Financial Services as having a claim for the subject debt in the amount of $22,259.00.

10. On December 13, 2019, the Bankruptcy Court entered an Order of Discharge in Plaintiff's bankruptcy case of all dischargeable debts, including the subject debt.

11. The Order of Discharge expressly stated:

> "This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on

> discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees."

12. Pursuant to 11 U.S.C. §524, the Order of Discharge invoked the protections of the discharge injunction prohibiting any acts to collect upon the subject debt by Toyota Financial Services or any other party.

13. Plaintiff's personal liability on the subject debt was extinguished via his bankruptcy discharge, thus terminating the business relationship with Toyota Financial Services and any of its successors, assigns, and agents, including Defendant.

14. At some point after Plaintiff's discharge, the subject debt was purchased, assigned or transferred to Defendant for collections.

15. At all times relevant, Defendant knew or should have known that Plaintiff no longer had a personal obligation to pay the subject debt.

### DEFENDANT'S POST-DISCHARGE COMMUNICATIONS

16. After the discharge injunction had taken effect, Defendant sought to collect the subject debt from Plaintiff personally by sending Plaintiff a dunning letter ("collection letter") dated January 17, 2020. *See* attached Exhibit A, a true and correct copy of the collection letter sent to Plaintiff.

17. The collection letter demanded payment of $9,016.63 for the subject debt.

18. Defendant's collection effort occurred with actual knowledge of Plaintiff's bankruptcy filing, and subsequent discharge. Defendant knew that the subject debt was discharged in Plaintiff's bankruptcy on December 13, 2019.

### DAMAGES CAUSED BY DEFENDANT'S POST-DISCHARGE COMMUNICATIONS

19. Concerned about the violations of his rights and protections afforded by virtue of filing the instant Chapter 7 bankruptcy case, Plaintiff sought the assistance of counsel to ensure that Defendant's collection efforts ceased.

20. Plaintiff has suffered from emotional distress, mental anguish, and anxiety as a direct result of Defendant's unlawful collection practices.

21. Defendant's collection practices have severely disrupted Plaintiff's daily life and general well-being.

22. Moreover, Plaintiff was deceived into believing that his bankruptcy filing had no legal effect and that he would have to pay the subject debt in order to get Defendant's collection activities to stop.

23. Plaintiff was unduly inconvenienced by Defendant's unlawful attempt to collect on a debt that was no longer owed by virtue of Plaintiff's bankruptcy filing.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

27. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail to collect delinquent consumer accounts allegedly owed to a third party.

28. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

29. Defendant used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

30. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

31. Defendant violated 15 U.S.C. §§1692 e(2), e(10), f, and f(1), through its debt collection efforts on a debt discharged in bankruptcy.

4

32. Section 524(a)(2)-(3) of the Bankruptcy Code, commonly known as the "discharge injunction," prohibits "an act, to collect, recover or offset any such debt as a personal liability of the debtor," and "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor." 11 U.S.C. §§524(a)(2)-(3).

### a. Violations of FDCPA §1692e

33. Defendant violated §1692e(2) when it falsely misrepresented the character, amount, and legal status of the subject debt. The subject debt was not owed at the time Defendant demanded payment by virtue of the bankruptcy discharge injunction.

34. Defendant violated §1692e(10) when it used false representations and/or deceptive means to collect and/or attempt to collect the subject debt. The subject debt was not owed at the time Defendant demanded payment by virtue of the discharge injunction.

35. Given that the underlying subject debt was scheduled in Plaintiff's bankruptcy, and Defendant knew that the subject debt was uncollectible as a matter of law, Defendant had no legal or contractual right to attempt to collect on the subject debt from Plaintiff.

### b. Violations of FDCPA §1692f

36. Defendant violated §1692f(1) by attempting to collect a debt not permitted by law as the discharge injunction precludes collection of any discharged debt.

37. Defendant attempted to dragoon and induce the Plaintiff into paying a debt that was not legally owed.

38. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt that was discharged in bankruptcy.

39. Defendant knew or should have known that Plaintiff's discharged debt was uncollectable as a matter of law.

40. Upon information and belief, Defendant has no system in place to identify and cease collection of debts discharged in bankruptcy.

41. Defendant, as a sophisticated debt collector, should have systems and procedures in place to identify accounts included and discharged in bankruptcy.

**WHEREFORE**, Plaintiff OSCAR J. RESTREPO, JR. respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692(a)(2)(A);
c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);
d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and
e. Award any other relief as the Honorable Court deems just and appropriate.

## COUNT II - VIOLATIONS OF THE DISCHARGE INJUNCTION

42. Plaintiff restates and realleges paragraphs 1 through 41 as though fully set forth herein.

   **a. Section 11 U.S.C. §524(a)(2)**

43. Section 524(a)(2)-(3) of the Bankruptcy Code, commonly known as the "discharge injunction," prohibits "an act, to collect, recover or offset any such debt as a personal liability of the debtor," and "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor." 11 U.S.C. §§524(a)(2)-(3).

44. "Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the [court] that issued the order of discharge." *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 915 (7th Cir. 2001).

6

45. Punitive damages may be awarded for violations of the bankruptcy discharge, and are especially appropriate when a party acts in "clear disregard and disrespect of the bankruptcy laws." *In re Vazquez*, 221 B.R. 222, 231 (Bankr. N.D. Ill. 1998). Punitive damages of four to ten times the amount of compensatory damages may be appropriate for willful violations of the bankruptcy injunction. *Id.*

### b. Defendant's conduct was perpetual, willful, and wanton

46. Defendant violated the discharge injunction by willfully attempting to collect the subject debt with actual knowledge of Plaintiff's bankruptcy and the discharged status of the subject debt.

47. Defendant violated the discharge injunction by sending a collection letter to Plaintiff in an attempt to collect the discharged subject debt.

48. Defendant, as a highly sophisticated and experienced debt collector, should have implemented procedures and trained its employees to discourage and prevent willful violations of the discharge injunction. However, the egregious conduct by Defendant, at Plaintiff's expense, establishes otherwise.

49. Defendant has failed to cease collection efforts as mandated by the discharge injunction despite receiving notice of Plaintiff's bankruptcy; leaving Plaintiff with no alternative but to seek judicial enforcement of the discharge injunction.

50. The onus of compliance with the protections afforded by the Bankruptcy Code is on the highly sophisticated debt collector.

51. In order for the discharge injunction to be meaningful, it must be enforced by this Honorable Court, or else it becomes optional and frustrates Congress' goal in providing a "fresh start" to unfortunate debtors.

52. Defendant should have implemented procedures and trained its employees to both discourage and prevent willful and wanton violations of the Bankruptcy Code.

53. Defendant conduct demonstrates that it has no such system in place to honor the rights of consumers under the protection of the Bankruptcy Code. Accordingly, sanctions and punitive damages are warranted to deter future conduct of a similar nature.

**WHEREFORE**, Plaintiff OSCAR J. RESTREPO, JR. respectfully requests that this Honorable Court:

a. Enter an order finding Defendant in civil contempt of the bankruptcy discharge injunction.
b. Enter an order enjoining Defendant from attempting to collect on the subject debt from Plaintiff.
c. Enter an order directing Defendant to pay Plaintiff for actual damages for violations of the bankruptcy discharge injunction.
d. Enter an order directing Defendant to pay Plaintiff punitive damages for violations of the bankruptcy discharge injunction in an amount to be determined by the Court.
e. Enter an order directing Defendant to pay a sum determined by the Court to Plaintiff for all reasonable legal fees and expenses incurred by her attorneys for violations of the bankruptcy discharge injunction.
f. Provide such other and further relief as the Court may deem just and proper. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

54. Plaintiff restates and reallages paragraphs 1 through 53 as though fully set forth herein.

55. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

56. The alleged debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

57. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

### a. Violation of TDCA § 392.304(a)(8)

58. TDCA §391.301(a)(8) prohibits debt collectors from misrepresenting the character, extent, or amount of a consumer debt.

59. Defendant falsely misrepresented the character, amount, and legal status of the subject debt. The subject debt was not owed at the time Defendant demanded payment by virtue of the bankruptcy discharge injunction.

60. As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff OSCAR J. RESTREPO, JR. respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;
e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b); and
f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: January 30, 2020								Respectfully Submitted,

/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
/s/ Alexander J. Taylor
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com
ataylor@sulaimanlaw.com

10